**William M. WELLONS**

v.

**DEPARTMENT OF CORRECTIONS, A. Baskerville, Superintendent.**

Civ. A. No. 79–0378–R.

United States District Court,
E. D. Virginia,
Richmond Division.

July 20, 1979.

William M. Wellons, pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen. of Virginia, Richmond, Va., for Dept. of Corrections.

## MEMORANDUM

WARRINER, District Judge.

Petitioner, currently incarcerated at Deep Meadow Correctional Center, State Farm, Virginia, contends that his statutory rights pursuant to the Uniform Detainer Act, Va. Code § 53–304.1 *et seq.* (1978 Repl.), and his constitutional rights have been violated because the Commonwealth did not give petitioner a parole revocation hearing until more than three years after petitioner had asked for such.

While serving in federal prison, a detainer was lodged against petitioner by the Commonwealth for violation of the terms of his parole from a previous robbery conviction. Petitioner requested that this detainer be cleared up along with another one which was lodged against him by the Commonwealth. Though brought back to trial in Norfolk in November 1975 on one detainer, the Commonwealth did not grant petitioner a parole hearing until the latter part of 1978.

Petitioner's statutory contention is that Article III(d) of the Uniform Detainer Act, Va. Code § 53–304.1 *et seq.* (1978 Repl.), requires that "any indictment, information or complaint" which is the basis for a detainer lodged against petitioner be tried prior to petitioner's return to his original place of imprisonment. Failure to so do results in dismissal of the "indictment, information or complaint." Petitioner contends that the statutory language embraces a parole revocation hearing. This is an argument that is properly addressed to the courts of the Commonwealth. The interpretation of this Virginia statute does not concern this Court unless petitioner can show that such interpretation results in a denial of his federal constitutional rights. Because the Supreme Court of Virginia has

dismissed petitioner's petition for a writ of habeas corpus based on this argument, this Court must conclude that under Virginia law, parole revocations do not fit under the statutory language of "indictment, information or complaint" in Va. Code § 53–304.1 *et seq.* (1978 Repl.). Accordingly, petitioner's argument based on an interpretation of the Uniform Detainer Act cannot give rise to granting petitioner habeas corpus relief.

■ Petitioner also argues that the failure to hold a speedy trial on his parole revocation violates the federal constitution due to *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). But *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1978), holds that a parolee is deprived of no constitutionally protected rights when a detainer is lodged against him. The parolee's constitutional right to an adversary hearing does not begin until he is taken into custody as a parole violator. Accordingly, petitioner's constitutional rights have not been violated because his parole revocation hearing was not held immediately following the lodging of the detainer against petitioner for violating the terms of his parole.